The DELI, INC., a Washington corporation, Plaintiff,

v.

ISLAND JET FOIL CORPORATION, a foreign corporation, in personam; M/V SPIRIT OF FRIENDSHIP, O/N 648 987, in rem, Defendants.

The BOEING COMPANY, Plaintiff,

v.

M/V SPIRIT OF FRIENDSHIP, her rigging, tackle, apparel, furniture, engines, gear, etc., in rem, Defendant.

No. C85 1832M.

United States District Court, W.D. Washington.

July 17, 1986.

---

Terence K. McGee, Detels Madden Crockett & McGee, Seattle, Wash., for Boeing Co.

Erik Rosenquist, Graham & Dunn, Seattle, Wash., for the Deli Inc.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

McGOVERN, District Judge.

This action having come before the Court on motion of plaintiff-intervenor, The Boeing Company, for Default Judgment and no person having appeared to claim the defendant vessel or any interest therein except The Deli, Inc., the Court having considered the evidence and exhibits submitted by The Boeing Company, and being fully advised of its premises, does make the following findings of fact and conclusions of law with respect to the rights of the lienors, The Boeing Company and The Deli, Inc.:

## FINDINGS OF FACT

1. Plaintiff-intervenor, The Boeing Company (hereinafter "Boeing"), is a Delaware corporation doing business in the Western District of Washington.

2. M/V SPIRIT OF FRIENDSHIP, her rigging, tackle, apparel, furniture, engines, gear, etc., is a jetfoil vessel documented in the name of her owner, Island Jetfoil Corporation, with Official No. 648 987, under the laws and the flag of the United States and registered at the Port of Seattle, Washington.

3. On April 5, 1985, Island Jetfoil Corporation executed and delivered to Boeing a Promissory Note whereby Island Jetfoil Corporation promised to pay the holder of said Note the sum of $8,450,000.00 bearing interest at 6.2% per annum.

4. To secure the payment of said Note, Island Jetfoil Corporation delivered to Boeing a Preferred Ship Mortgage on M/V SPIRIT OF FRIENDSHIP, dated April 5, 1985. At the time said Preferred Ship Mortgage was executed, the defendant vessel was and is still a documented vessel under the laws of the United States.

5. The said Preferred Ship Mortgage was duly recorded at the home port of said vessel in the office of documentation at Seattle, Washington, on June 9, 1985. All of the acts and things required to be done in order to give the mortgage the status of a First Preferred Ship Mortgage, constituting a first preferred mortgage lien upon M/V SPIRIT OF FRIENDSHIP, in accordance with United States law, were done or caused to be done by Boeing or the Documentation Officer at the Port of Seattle, Washington, including endorsement of said mortgage upon the outstanding documents of the vessel.

6. On May 31, 1985, Island Jetfoil Corporation executed and delivered to Boeing for valuable consideration, a Guarantee dated May 31, 1985. In order to secure the performance of the Guarantee, Island Jetfoil Corporation executed and delivered to Boeing a Mortgage Supplement and Amendment to Preferred Mortgage of Vessel, dated May 31, 1985, on M/V SPIRIT OF FRIENDSHIP. The Mortgage Supplement and Amendment to Preferred Mortgage of Vessel granted to Boeing a mortgage security interest in M/V SPIRIT OF

FRIENDSHIP in the amount of $28,223,-000.00.

7. The Mortgage Supplement and Amendment to Preferred Mortgage of Vessel dated May 31, 1985 was duly recorded at the home port of Seattle, Washington, on June 6, 1985. All of the acts and things required to be done in order to give the mortgage, as supplemented and amended, the status of a First Preferred Ship Mortgage constituting a first preferred mortgage lien on M/V SPIRIT OF FRIENDSHIP, in accordance with United States law, were done or caused to be done by Boeing or the Documentation Officer at the Port of Seattle, Washington, including endorsement of the Mortgage Supplement and Amendment to Preferred Mortgage of Vessel upon the outstanding document of said vessel.

8. The aforesaid Note and Mortgage Supplement and Amendment to Preferred Mortgage of Vessel provides that in the event any installment is not paid when due, all remaining installments on the note shall at once mature and become due and payable. By the terms and provisions of the Mortgage Supplement and Amendment to Preferred Mortgage of Vessel, the Note and mortgages are now in default and are, therefore, due and payable in full.

9. Island Jetfoil Corporation is in default in respect to the Promissory Note, Preferred Mortgage of Vessel, Mortgage Supplement and Amendment to Preferred Mortgage of Vessel, and Guarantee and the sum of $27,592,213.72 is immediately due and payable by Island Jetfoil Corporation to Boeing.

10. In order to enforce its Preferred Ship Mortgages, Boeing was required to bring this action pursuant to the Preferred Ship Mortgage Act of 1920, Title 46 U.S.C. § 911 *et seq.*, and specifically Title 46 U.S.C. § 951; that pursuant to said statutes, the United States Marshal for the Western District of Washington seized M/V SPIRIT OF FRIENDSHIP on September 20, 1985 and Boeing has been required to pay the United States Marshal for service of process and seizure, and for Notice of Arrest, which costs were a necessary part of the ship mortgage foreclosure proceeding. On September 20, 1985, the Court appointed Larry Colello as substitute custodian of the vessel, and Boeing has been required to maintain the said vessel during the pendency of seizure and has expended sums therefore.

11. The terms and provisions of the Preferred Mortgage and Mortgage Supplement and Amendment to Preferred Mortgage of Vessel provide that in the event of a default and a foreclosure proceeding thereunder, Boeing is entitled to recover its attorneys' fees and expenses expended in said proceeding against M/V SPIRIT OF FRIENDSHIP.

12. Based on the Affidavit of Terence K. McGee filed in support of Motion for Default Judgment and there being no contrary evidence, the Court finds that the Preferred Ship Mortgage and Mortgage Supplement and Amendment to Preferred Mortgage of Vessel have been duly and validly executed and duly registered in accordance with the laws of the United States, and is therefore a valid First Preferred Ship Mortgage within the meaning of 46 U.S.C.A. § 951.

13. Based on the Affidavit of T.S. Teague filed in support of the Motion for Default Judgment and Determination of Lien Priority, and there being no contrary evidence, the Court finds that the outstanding Mortgage indebtedness incurred as a result of the Guarantee amounts to $19,529,-197.02, and that the mortgage indebtedness incurred as a result of the Promissory Note amounts to $8,063,016.70. Interest at the default rate continues to accrue on both amounts.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the defendant, M/V SPIRIT OF FRIENDSHIP, by reason of its *in rem* seizure and presence in this district and the subject matter under its admiralty and maritime jurisdiction pursuant to Title 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure. Further, this action is

brought pursuant to Title 46 U.S.C. § 951, for foreclosure of a Preferred Ship Mortgage.

2. The Preferred Mortgage of Vessel and the Mortgage Supplement and Amendment to Preferred Mortgage of Vessel thereto dated April 5, 1985, and May 31, 1985, respectively, executed and delivered by Island Jetfoil Corporation to Boeing constitute a valid and subsisting lien and First Preferred Mortgage of M/V SPIRIT OF FRIENDSHIP, her rigging, tackle, apparel, furniture, engines, gear, etc., prior and superior to the interest, lien or claim of any and all persons, firms or corporations whatsoever.

3. Boeing is entitled to a judgment herein against the defendant, M/V SPIRIT OF FRIENDSHIP, her rigging, tackle, apparel, furniture, engines, gear, etc., *in rem*, in the full sum of $27,592,213.72. Boeing is further entitled to interest until judgment at the default rate specified in the notes and mortgages, and post judgment interest at the legal rate until paid.

4. Boeing is further entitled to all costs for the foreclosure of this vessel pursuant to Title 46 U.S.C. § 951, including the costs of *custodia legis*. At the time of the distributions of the funds herein, the Court will assess said costs. Boeing is further entitled to attorneys' fees and expenses in accordance with the terms of the Mortgage Supplement and Amendment to Preferred Mortgage of Vessel.

5. The Preferred Ship Mortgage and Mortgage Supplement and Amendment to Preferred Mortgage of Vessel on M/V SPIRIT OF FRIENDSHIP, Official No. 648 987, her rigging, tackle, apparel, furniture, engines, gear, etc., are hereby ordered foreclosed.